**The UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

JORGE MOISES A. C.,

Petitioner,

v.

TODD BLANCHE, *Attorney General*; SIRCE E. OWEN, *Director for Executive Office for Immigration Review*; MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*; DAVID J. VENTURELLA, *Acting Director of U.S. Immigration & Customs Enforcement*; DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, U.S. Immigration & Customs Enforcement*; and JOEL BROTT, *Sherburne County Sheriff*,

Respondents.

Case No. 26-cv-4578 (LMP/JFD)

**ORDER GRANTING PETITION**

---

David L. Wilson, Lee Anne Koller Mills, and Olivia Anderson-Petroske, **Wilson Law Group, Minneapolis, MN**, for Petitioner.

Sarah Mazzie, **United States Attorney's Office, Minneapolis, MN**, for Respondents.[1]

On October 22, 2026, Petitioner Jorge Moises A. C.[2] brought this petition for a writ of habeas corpus, challenging the legality of his arrest and detention. ECF No. 1. For the

---

[1] When used in this Order, "Respondents" or "Government" refer to the federal officials named as Respondents. Respondent Joel Brott of Sherburne County has not participated in these proceedings.

[2] The Court uses the Petitioner's first name throughout this order to comport with this District's practice of using only the first name and last initials of any nongovernmental parties in immigration cases. No disrespect is intended in doing so.

following reasons, the petition is granted, and the Court orders the Government to release Jorge from detention.

## BACKGROUND

Jorge is a native and citizen of Mexico who entered the United States around 2007. ECF No. 1 ¶¶ 27–28; ECF No. 5-4 at 2. He is married, has two children living in the United States, and has a Minnesota driver's license. ECF No. 5-4 at 3. He was convicted in 2011 of driving while under the influence. *Id.* at 2.

On October 12, 2026, Immigration and Customs Enforcement ("ICE") conducted a records check and determined that Jorge has no lawful status. ECF No. 5-1 ¶ 6. As a result, ICE sent Jorge a Form G-56 letter, directing him to report to a local field office in Fort Snelling, Minnesota, on October 19, 2026. *Id.* ¶ 7; ECF No. 5-2. Jorge appeared as instructed at 10 a.m. At 10:04 a.m., the Government issued an I-200 warrant for Jorge's arrest, ECF No. 5-1 ¶ 8; ECF No. 5-3, and arrested Jorge at 10:15 a.m., ECF No. 5-1 ¶ 10. That same day, the Government issued Jorge an I-862 notice to appear for removal proceedings. ECF No. 5-1 ¶ 11; ECF No. 5-5. Neither the Government nor Jorge provides any evidence suggesting when the notice to appear issued but in briefing the Government suggests it issued "during processing." ECF No. 5 at 2. And the notice to appear was signed in "Fort Snelling, MN." ECF No. 5-5. Jorge has remained in ICE custody since his arrest, and because the Government asserts that Jorge is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), ECF No. 5 at 3, it did not provide Jorge a bond hearing, ECF No. 1 ¶ 3.

Jorge brought this habeas petition on October 22, 2026, raising five claims for relief. *See generally* ECF No. 1. Counts 1 and 2 allege Jorge's current detention without a bond hearing violates his due process rights under the Fifth Amendment and that the Government has erroneously classified him as subject to mandatory detention under Section 1225(b)(2)(A). *Id.* ¶¶ 65–70. Count 3 alleges that the Government unlawfully arrested Jorge without a warrant. *Id.* ¶¶ 71–80. And Counts 4 and 5 allege that, if the Government issued a warrant before his arrest, the warrant was unlawful because it issued *before* the I-862 notice to appear. *Id.* ¶¶ 81–99.

The Court ordered the Government to respond to the petition no later than October 29, 2026, with any reply from Jorge due by November 5, 2026. ECF No. 4. Both the Government and Jorge provided timely briefing. ECF Nos. 5, 6.

**ANALYSIS**

"Congress has granted federal district courts, 'within their respective jurisdictions,' the authority to hear applications for habeas corpus by any person who claims to be held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Rasul v. Bush*, 542 U.S. 466, 473 (2004) (quoting 28 U.S.C. § 2241(a), (c)(3)). The protections of habeas corpus extend to those in immigration detention. *See INS v. St. Cyr*, 533 U.S. 289, 305–06 (2001).

**I. Invalid Arrest**

"As a general rule, it is not a crime for a removable alien to remain present in the United States," so authorities may not arrest "someone based on nothing more than possible removability." *Arizona v. United States*, 567 U.S. 387, 407 (2012). Instead, the "federal

statutory structure instructs when it is appropriate to arrest a [noncitizen] during the removal process." *Id.* Relevant here, 8 U.S.C. § 1226(a) allows the Attorney General to "exercise discretion to issue a warrant for a [noncitizen's] arrest and detention." *Id.* Here, ICE obtained an I-200 warrant for Jorge's arrest on October 19, 2026, before it arrested him. ECF No. 5-1 ¶¶ 8–10. Jorge does not specifically contest that chronology.[3] So the Government did not conduct a warrantless arrest per se.

Instead, Jorge asserts that the warrant was invalid because the warrant was issued *before* the notice to appear, pointing to 8 C.F.R. § 236.1(b). ECF No. 6 at 9–10. Section 236.1(b) states that "*[a]t the time of* issuance of the notice to appear . . . the respondent may be arrested and taken into custody under the authority of Form I–200." 8 C.F.R. § 236.1(b) (emphasis added). Courts in this District, including this one, have read Section 236.1(b) to require that "a Form I-200 warrant that precedes a Notice to Appear is invalid because it purports to exercise authority that does not yet exist." *Alejandro C. G. v. Blanche*, No. 26-cv-3117 (ECT/EMB), 2026 WL 2838175, at *2 (D. Minn. Sept. 22, 2026) (citation modified); *see Agustina R. C. v. Blanche*, No. 26-cv-4353 (LMP/DJF), 2026 WL 3216939, at *2 (D. Minn. Oct. 27, 2026).

---

[3] Jorge argues that the Government concedes "they apprehended [him] first, then issued an I-200." ECF No. 6 at 9. But the records Jorge cites for that apparent concession prove the opposite: A warrant was issued, and then an arrest was made. ECF No. 5-1 ¶¶ 8–10.

This Court has not confronted this precise situation.[4] To recount, Jorge appeared at Fort Snelling at 10:00 a.m. on October 19. ICE issued an I-200 warrant, arrested Jorge, and then issued a notice to appear "during processing." ECF No. 5-1 ¶¶ 8–11; ECF No. 5-5. The parties largely agree on this chronology. *See* ECF No. 5 at 25–34; ECF No. 6 at 9 (Jorge acknowledging that his notice to appear issued "on the day of his arrest"). But they disagree on the chronology's significance. Jorge points to 8 C.F.R. § 236.1(b) and states that the Government "can only issue an I-200 after a Notice to Appear has been filed." ECF No. 6 at 9–10. So, in Jorge's view, the warrant is invalid because it issued before the notice to appear. The Government counters that Jorge's concerns are overly technical, and that although the notice to appear issued after the warrant, the warrant was nevertheless issued "at the time" of the notice to appear because the two documents were issued in close temporal proximity. ECF No. 5 at 26.

Jorge, at least on the facts of this case, has the better argument. For a warrant to be valid, it must be issued "concurrently with or after the issuance of a" notice to appear. *Agustina R. C.*, 2026 WL 3216936, at *2; *see also* 8 C.F.R. § 236.1(b)(1) ("At the time of issuance of the notice to appear, or at any time thereafter . . . the respondent may be arrested and taken into custody under the authority of Form I-200, Warrant of Arrest.").

---

[4] The Court is unaware of a case from this District that considered whether a notice to appear that issued "during processing" of an arrest renders the pre-arrest warrant invalid. To the contrary, in most cases that conclude the Government failed to comply with Section 236.1(b), a notice to appear either never issued or issued more than a day after the noncitizen's arrest. *See, e.g.*, *Alejandro C. G.*, 2026 WL 2838175, at *2 (notice to appear issued two days after warrant); *Agustina R. C.*, 2026 WL 3216939, at *2 (no notice to appear issued).

Section 236.1(b) does not say that a warrant can be executed only "after" a notice to appear, as Jorge asserts. But it does require contemporaneousness between the two events. That just means that the events must occur at the same time. So the question is whether the Government's arrest was "concurrent" with the issuance of Jorge's notice to appear. It was not. The Government does not provide the precise timing between the arrest and when the notice to appear was created, but even it acknowledges that it arrested Jorge *and then* issued the notice to appear *during processing* of that arrest. ECF No. 5 at 2. The arrest, clearly, came first. But the "Government's own regulations dictate the appropriate sequence of events." *Tha I. v. Blanche*, No. 26-cv-3516 (LMP/DLM), 2026 WL 3093493, at *2 (D. Minn. Oct. 16, 2026). It is not debatable that the notice to appear must come first. That sequence was not followed here.

The Government alternatively suggests that the Court should not require that a notice to appear issue before an arrest is executed in every case because a notice to appear requires "certain information which, particularly for an individual ICE has not previously encountered, generally cannot be obtained until post-arrest processing," such as "the time and place of removal proceedings, where that information generally hinges on knowledge of the alien's address." ECF No. 5 at 26–27. Whatever the merits of that argument, it is not at issue here because Jorge was not unknown to ICE. This situation is all the more baffling because ICE sent a letter to Jorge on October 12, 2026. ECF No. 5-1 ¶ 6. ICE directed Jorge to report to Fort Snelling the following week. *Id.* ¶ 7; ECF No. 5-2. And Jorge appeared as instructed. The Government controlled the timing of Jorge's appearance and easily could have issued a notice to appear before or contemporaneous to when it issued

an arrest warrant and arrested Jorge. It appears it simply chose not to do so. But without doing so, the warrant it used to arrest Jorge was invalid, and the "Government possesses no lawful authority to use it." *Tha I.*, 2026 WL 3093493, at *2.

Without a valid warrant, ICE has "more limited authority," *Arizona*, 567 U.S. at 408, and can only make an arrest when the officer has "reason to believe" (1) that a noncitizen is in violation of the immigration laws; and (2) "is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2). The language "reason to believe" in Section 1357(a)(2) "means constitutionally required probable cause." *United States v. Quintana*, 623 F.3d 1237, 1239 (8th Cir. 2010). The phrase "likely to escape," means "likely to evade detention by immigration officers," and asks "not just whether the noncitizen will be located at the scene of encounter with immigration enforcement but also whether immigration enforcement would be able to arrest the noncitizen at another clearly identifiable location." *Walther Ademir A. S. v. Blanche*, No. 26-cv-2804 (LMP/SGE), 2026 WL 1734906, at *3 (D. Minn. June 16, 2026). The Government makes no argument that its arrest was justified under Section 1357(a)(2). But without a valid basis for arrest, ICE could not lawfully arrest Jorge. The proper remedy is release. *See Walther Ademir A. S.*, 2026 WL 1734906, at *3.[5]

[5] Because the Court grants Jorge release from custody on his invalid arrest claims, the Court need not address Jorge's remaining constitutional claims.

**ORDER**

For these reasons, and based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Jorge Moises A. C.'s Verified Petition for a Writ of Habeas Corpus (ECF No. 1) is **GRANTED**;

2. The Government is **ORDERED** to release Jorge Moises A. C. from custody no later than 5:00 p.m. on **Wednesday, November 25, 2026**; and

3. The Government is **ORDERED** to file a status report certifying its compliance with this Order by no later than 5:00 p.m. on **Monday, November 30, 2026**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: November 24, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge